UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
GIULIANA POTENZIANI,

        Plaintiff,

   COMPLAINT

 -against-

   07 Civ  ( ) (WP)

METRO-NORTH COMMUTER RAILROAD,   ECF CASE

        Defendant. **07 CIV. 7286**
------------------------------------------------------------X



### PLAINTIFF DEMANDS TRIAL BY JURY ROBINSON

 Plaintiff, by her attorneys, Cahill, Goetsch & Maurer, P.C., complains of the Defendant and alleges:

#### AS AND FOR A FIRST CAUSE OF ACTION AGAINST DEFENDANT METRO-NORTH RAILROAD

 FIRST: At all times relevant, Plaintiff has resided in New Haven County at 16 Idleview Park, Naugatuck, CT 06770.

 SECOND: Defendant, Metro North Railroad (hereinafter "Metro-North") is a public benefit corporation created pursuant to the Public Authorities Law of the State of New York and is one of the wholly owned commuter railroad subsidiaries of defendant, Metropolitan Transportation Authority.

 THIRD: At all times relevant, defendant Metro-North maintained its executive offices at 347 Madison Avenue, New York, N.Y. 10017

 FOURTH: That on and before July 19, 2006, defendant owned, operated, maintained and controlled a line of railroad known as the Harlem Division Line which contained defendant's tracks, rails, switches, sidings, stations, platforms, roadbeds and appurtenances thereto, over,

through and upon which Defendant operated engines, trains and cars under its control and direction.

FIFTH: That on and before July 19, 2006 Defendant owned, operated, maintained and controlled a railroad station known as the Brewster North station on the Harlem Division Line in Brewster, New York.

SIXTH: On July 19, 2006 at approximately 9:30 P.M., Plaintiff was a passenger on a Metro-North train and was attempting to disembark from the train at defendant's Brewster, N.Y. station when the doors were caused to close upon her without warning, causing Plaintiff to fall in the gap between the train and station platform and causing her to sustain serious and permanently disabling injuries.

SEVENTH: That a Notice of Claim was not served upon Metro-North pursuant to New York Public Authorities Law §1276 (6).

EIGHTH: That more than thirty days have elapsed since Plaintiff made demand upon Defendant and Defendant has neglected or refused to make an adjustment or payment of Plaintiff's claims.

NINTH: The Court has diversity jurisdiction over this cause of action pursuant to 28 USC §1332.

TENTH: That the aforeclaimed accident was caused solely due to the negligence of Defendant in: failing to provide proper supervision and instruction of its train personnel; in failing to enact and enforce safety and operating rules governing the operation by train personnel of train doors when passengers are exiting Defendant's trains; in failing to warn Plaintiff that the train doors were about to be closed prior to the doors being closed upon

Plaintiff; in failing to inspect, maintain and repair its Brewster Station platform in a safe and reasonable manner; in failing to warn Plaintiff of the dangerous and defective "gap" condition located between the train Plaintiff was disembarking from and the station platform; in failing to remove from use that section of the Brewster Station platform where Plaintiff was injured until it was repaired and the dangerous and defective "gap" condition remedied; and, in failing to enact and enforce safety, operating, inspection, maintenance and repair rules and procedures which would have prevented plaintiff's claimed injury.

ELEVENTH: That as a result of the negligence of the defendant as aforedescribed, Plaintiff was caused to sustain severe, disabling and permanent injuries.

TWELFTH: That due to Metro-North's negligence, Plaintiff was caused to suffer damages estimated to be in the sum of ONE MILLION ($1,000,000.00) DOLLARS.

WHEREFORE, Plaintiff demands judgment against Metro-North on the First Cause of Action in the sum of ONE MILLION ($1,000,000.00) DOLLARS; together with costs, pre-judgment and post-judgment interest and the disbursements for all causes of action.

Dated: Croton-on-Hudson, New York
August 13, 2007

                                             CAHILL, GOETSCH & MAURER, P.C.
                                             Attorneys for Plaintiff

                                             By: _____ # IM0337
                                             Ira M. Maurer, Esq.
                                             1 Croton Point Avenue
                                             Croton-on-Hudson, NY 10520
                                             (914) 271-9474